IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.R. et al., | : | |
|         Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 21-3878 |
| | : | |
| COUNCIL ROCK SCHOOL DISTRICT et al., | : | |
|         Defendant. | : | |
| | : | |

**O R D E R**

Plaintiffs move for a Preliminary Injunction that would require Council Rock School District to adopt and enforce mandatory masking to help prevent the spread of COVID-19. (See Doc. No. 36-1.) Defendants oppose this Motion on various grounds. (Doc. No. 41.) Given the availability of vaccines for all Plaintiffs and the absence of any serious harm occurring since the semester began three months ago, I will deny the Motion without prejudice.

### I.  BACKGROUND

Plaintiffs are twenty-five children who attend school in the Council Rock School District and their parents. (Doc. No. 29-1 at 7-9.) In their Amended Complaint, Plaintiffs allege that some unspecified number of them have "health disabilities under the ADA" and are under the age of twelve. (Id. at ¶ 46.) There is no indication as to which Plaintiffs are under twelve years old; what, if any, disabilities each Plaintiff has; or whether any of Plaintiffs' disabilities put them at an increased risk of serious COVID-19 complications. (Id.) Purportedly invoking the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, Plaintiffs ask me to grant a mandatory injunction and require Defendant Council Rock School District and its School Board to implement and enforce a universal masking requirement for students, staff, and visitors, and to

require "verifiable medical documentation" before granting any exemptions to this requirement. 42 U.S.C. § 12132; 29 U.S.C.S. § 794; (Doc. No. 36-1, 36-2).

On August 31, 2021, Plaintiffs filed their initial Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. Nos. 1, 2.) I denied Plaintiffs' first Motion without prejudice in light of the Acting Pennsylvania Secretary of Health's August 31, 2021 Order Directing Face Coverings in School Entities. (Doc. No. 12.) In response to my August 31 Order directing the Parties to indicate whether the Secretary's Order mooted this dispute, Plaintiffs urged that it did not. Rather, Plaintiffs renewed their Motion on September 13, alleging that Defendants were not complying with the Order. (Doc. No. 13.) Plaintiffs amended their Motion on October 22 after engaging in expedited discovery (which I authorized). (Doc. No. 36.) On October 29, the FDA authorized emergency use of the Pfizer-BioNTech COVID-19 Vaccine for children ages 5 to 11. See FDA AUTHORIZES PFIZER-BIONTECH COVID-19 VACCINE FOR EMERGENCY USE IN CHILDREN 5 THROUGH 11 YEARS OF AGE, FDA, https://www.fda.gov/news-events/press-announcements/fdaauthorizes-pfizer-biontech-covid-19-vaccine-emergency-use-children-5-through-11-years-age. Once again, I asked the Parties to address whether their dispute was now moot. (Doc. No. 39.) Plaintiffs insist it is not; Defendants disagree. (Doc. Nos. 40, 41.)

## II. LEGAL STANDARD

Rule 65 authorizes me to issue injunctive relief. See Fed. R. Civ. P. 65(a). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Wright & Miller, Fed. Prac. & Proc. § 2948 (3d ed. Apr. 2016)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The moving party bears the "heavy burden" of showing that these elements weigh in favor of a preliminary injunction. Republican Party of Pa. v. Cortés, No. 16-5524, 2016 WL 6525409, at *4 (E.D. Pa. Nov. 3, 2016) (citing Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014), and Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)). For mandatory injunctions (such as the one sought here) Plaintiffs bear "a particularly heavy burden . . . requiring them to show a substantial likelihood of success on the merits and that their right to relief [is] indisputably clear." Hope v. Warden York County Prison, 972 F.3d 310, 320 (3d Cir. 2020) (quoting Acierno v. New Castle Cnty., 40 F.3d 645, 653 (3d Cir. 1994) and Trinity Indus., Inc. v. Chi. Bride & Iron Co., 735 F.3d 131, 139 (3d Cir. 2013)) (internal quotations committed).

To establish irreparable harm, the moving party must make "a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may not be used simply to eliminate a possibility of a remote future injury." Acierno, 40 F.3d at 655.

### III.   DISCUSSION

Assuming, *arguendo*, that I have jurisdiction (although it is by no means clear that I do), I will deny Plaintiffs' Motion without prejudice because they have not made a clear showing of immediate and irreparable harm. Plaintiffs allege a number of potential harms ranging from long-term school closures to widespread, serious illness—none of which has manifested itself or appears likely to do so in the near future. (See Doc. No. 36-2.) Indeed, after almost three months of school, Plaintiffs allege only that: the number of children not wearing masks has increased from 10 to 2,244 in the absence of a court-ordered mask mandate; that COVID-19 infections are

increasing; and three classrooms have had to quarantine for a week after a confirmed case of COVID-19. (Doc. No. 36-2.)

Plaintiffs do not allege any long-term shuttering of classrooms or that any Plaintiff has contracted COVID-19 or even experienced symptoms. (See id.) Although they present affidavits from medical professionals extolling the potential benefits of a masking order, these experts can state only that "failure of the Board to mandate masks *could* result in serious illness or death." (Doc. No. 36-12, emphasis added.) That the widespread harms Plaintiffs feared have not occurred may be attributable to the Secretary's Masking Order which, at the time of this writing, remains in effect. Corman v. Acting Secretary of the Pa. Dept. of Health, No. 83 MAP 2021 (Pa. Nov. 30, 2021). Perhaps most significantly, with a vaccine now available to all students ages five and older, Plaintiffs can protect themselves against the virus vastly more effectively than they could at the outset of this litigation.

In these circumstances, Plaintiffs have not made a clear showing of immediate and irreparable harm that could warrant the issuance of the mandatory injunction they seek. I recognize, however, that because this is an ever-changing situation, a more tangible threat of irreparable harm could arise at any time. Accordingly, I will deny Plaintiffs' Motion without prejudice.

\*   \*   \*

**AND NOW**, this 1st day of December, 2021, upon consideration of Plaintiffs' Second Amended Motion for Preliminary Injunction (Doc. No. 36); Plaintiffs' response to my Order to

Show Cause (Doc. No. 40); Defendants' Response (Doc. No. 41); and all related filings, it is **ORDERED** that Plaintiffs' Motion (Doc. No. 36) is **DENIED WITHOUT PREJUDICE**.  A Scheduling Order shall follow.

                                        **AND IT IS SO ORDERED.**

                                        */s/ Paul S. Diamond*
                                        Paul S. Diamond, J.